UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM S. WOERMER,

    Plaintiff,

V.                                 CASE NO. 3:07-CV-381 (RNC)

CENTER BANK, ET AL.,

    Defendants.

## SUMMARY ORDER

Plaintiff, proceeding pro se and in forma pauperis, has filed a notice of removal in a foreclosure action currently pending in Connecticut Superior Court. I have reviewed plaintiff's action in accordance with the provisions of the in forma pauperis statute, 28 U.S.C. § 1915(e). I find that the action has not been properly removed from state court. Accordingly, the action is dismissed.

The statutory procedure for removal of an action to federal court requires that plaintiff file the notice of removal within thirty days of his receipt of the initial pleading or summons. 28 U.S.C. § 1446(b). The action plaintiff seeks to remove was filed in June 2000. Thus, plaintiff has missed the deadline for removal by over six years. Additionally, plaintiff is required to serve written notice of the removal on all adverse parties in the case and serve a copy of the notice with the state court from which the case is removed. 28 U.S.C. § 1446(d). Plaintiff has provided no evidence showing that he has complied with this requirement.

Accordingly, removal has not been properly effected and the Court has no power to interfere in the state court foreclosure proceedings.

Plaintiff identifies 42 U.S.C. § 1983 as the grounds for removal. Section 1983 applies to private defendants only where "'there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the [private entity] may be fairly treated as that of the State itself.'" Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). Plaintiff's notice of removal does not allege any facts suggesting that the actions of the private defendants are attributable to the State. Thus, even if plaintiff had timely sought to remove the foreclosure action and complied with the service requirements described above, plaintiff would not be able to remove the action on the basis of § 1983. Accordingly, plaintiff's action is hereby dismissed pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii).

So ordered.

Dated at Hartford, Connecticut this 5th day of April 2007.

/s/
Robert N. Chatigny
United States District Judge